# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ARTHUR BOWLES,

       Petitioner,

v.                                                     Case No. 15-3049-JTM

STATE OF KANSAS, ET AL.,

       Respondent.

## MEMORANDUM AND ORDER

This matter comes before the court on petitioner Arthur Bowles' petition for writ of habeas corpus (Dkt. 1), the State's Answer and Return (Dkt. 10), and his Traverse (Dkt. 15). Bowles attacks his convictions and sentence, alleging four grounds for relief: 1) due process violation based on the use of a suggestive photo line-up, 2) due process violation based on the denial of expert assistance at trial, 3) ineffective assistance of counsel, and 4) various sentencing errors. For the reasons set forth below, the court denies the petition.

**I.    Federal Habeas Standards**

    **A.  Generally**

A federal court reviews a state prisoner's challenge to matters decided in state court proceedings pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which "requires federal courts to give significant deference to state court decisions" on the merits. *Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013). A federal court may not grant a state prisoner habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the prisoner can show that the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Clearly established law refers to the Supreme Court's holdings, as opposed to its dicta. *Lockett*, 711 F.3d at 1231. A state court decision is "contrary to" the Supreme Court's clearly established precedent "if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002) (quotations omitted). "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003).

### B. Exhaustion and Procedural Default

The State asserts in its Answer and Return (Dkt. 10) that Bowles procedurally defaulted on many of the claims he raises now. It is well-settled that a state prisoner must satisfy the exhaustion prerequisite in 28 U.S.C. § 2254(b)(1) before filing a federal habeas corpus application. This means that each of his federal claims must have been presented to the highest state court by way of either direct appeal or state post-conviction proceedings. When a habeas applicant has failed to exhaust a claim in state court and those remedies are no longer available at the time the federal habeas application is filed, the applicant meets the technical requirements for exhaustion. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). That claim, however, is then subject to dismissal under the doctrine of procedural default. Under this doctrine, a federal habeas court's review of claims that were procedurally defaulted in state court is barred, unless the applicant can demonstrate either cause and prejudice for the default or that a fundamental

miscarriage of justice would result if his claim is not considered. *Coleman*, 501 U.S. at 750; *see Thacker v. Workman*, 678 F.3d 820, 835 (10th Cir. 2012), *cert. denied*, 133 S.Ct. 878 (2013) (When "a particular claim was defaulted in state court" federal courts "recognize the state courts' procedural bar ruling and do not address the claim on the merits unless cause and prejudice or a fundamental miscarriage of justice is shown.").

Procedural default occurs primarily in two ways: 1) when a state court clearly dismisses an issue on a state procedural ground that is both independent of federal law and adequate to support the judgment; or 2) when the petitioner fails to exhaust available state remedies and would be procedurally barred from presenting the issue if it was brought in state court. Courts refer to the latter as an anticipatory default. *Rouse v. Romero*, 531 Fed. Appx. 907, 909 (10th Cir. Aug. 22, 2013); *Moore v. Schoeman*, 288 F.3d 1231, 1233 n. 3 (10th Cir. 2002) ("anticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.").

## II.    Factual Background

The Kansas Court of Appeals ("KCOA") summarized the facts as follows in *State v. Bowles*, Case No. 96,107, 2007 WL 2239255 at *2 (Kan. Ct. App. Nov. 7, 2007):

> On April 24, 2005, B.L., a 7 year-old boy, was playing in his front yard when a man drove up to the curb, opened his car door, and exposed his penis.
>
> On May 3, 2005, S.C.M. and S.M.M. (two sisters) ages 7 and 4 respectively were playing near their home when a man pulled up in a car. According to S.C.M., the man got out of the car with his pants unzipped and his penis exposed and asked the girls if they wanted to lick it. He picked up S.M.M. and made her touch his penis with her hand. S.C.M. went to get their father. The suspect put S.M.M. down and fled.

Eventually, the suspect was arrested and charged.[1]

On October 18, 2005, a jury found Mr. Bowles guilty of one count of attempted aggravated criminal sodomy, two counts of aggravated indecent solicitation, and one count of lewd and lascivious behavior. The trial court sentenced him to 518 months of imprisonment. Bowles directly appealed his convictions and sentence.

On August 3, 2007, the KCOA affirmed his convictions but reversed his sentence and remanded the case for resentencing. *Bowles*, 2007 WL 2239255 at *3. The Kansas Supreme Court ("KSC") denied review on November 7, 2007. The trial court resentenced Bowles to a term of 414 months imprisonment.

In 2008, Bowles filed a motion for post-conviction relief under Kan. Stat. Ann. § 60–1507 (the "1507 Motion"), in Shawnee County, Kansas District Court, claiming prosecutor error, judicial error, misjoinder, insufficiency of evidence, and ineffective assistance of counsel. As to the latter, he claimed that his attorney provided ineffective assistance by failing to object to the children's testimony identifying Bowles as the person who committed the crimes, as well as failing to put forth a defense of impotency. The trial court summarily denied the 1507 Motion on February 5, 2009. The KCOA, however, reversed that decision and remanded for an evidentiary hearing on petitioner's ineffective assistance of counsel claim. *Bowles v. State*, Case No. 102,689, 2011 WL 2793221 (Kan. Ct. App. July 15, 2011). Following an evidentiary hearing, the trial court found that Bowles had failed to establish that he received ineffective assistance of counsel and once again, denied the motion. The KCOA affirmed this decision in *Bowles v. State*, Case No. 110,203, 2014 WL 1708041 (Kan. Ct. App. April 25, 2014). The KSC denied review on February 19, 2015.

---

[1] As noted in the standards above, State court factual findings are presumptively correct and may be rebutted only by "clear and convincing evidence." *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

On March 10, 2015, Bowles filed this action, attacking his conviction and sentence. Dkt. 1. He alleges four grounds for federal habeas corpus relief: 1) due process violation based on the use of a suggestive photo line-up, 2) due process violation based on the denial of expert assistance, 3) ineffective assistance of counsel, and 4) various sentencing errors. The State filed an Answer and Return (Dkt. 10), requesting denial of habeas relief on various grounds, including procedural default and comportment with federal law. Bowles responded with a Traverse (Dkt. 15), reiterating his claims and maintaining actual innocence.

**III.   Analysis**

   **A.   Unduly Suggestive Photographic Line-up**

Bowles contends that the trial court erred in permitting the children's identifications of him as the person who committed the crimes because the photo line-up used to identify him was unduly suggestive. Bowles raised a similar claim in his direct appeal and in his appeal from the denial of his 1507 motion. On direct appeal, the KCOA ruled that because Bowles made no timely objections regarding the identifications at trial, he failed to preserve this issue for appeal, citing Kan. Stat. Ann. § 60-404. *Bowles*, 2007 WL 2239255 at *1-2. Because the KCOA's dismissal of this issue on direct appeal rested on a state procedural rule that Kansas courts regularly follow, Bowles procedurally defaulted this issue. *See Torres v. Roberts*, 253 Fed.Appx. 783, 787 (10th Cir. 2007) (Kansas preservation rule is an independent and adequate state law ground to default claims); *Carr v. Koerner*, 120 Fed.Appx. 772, 775-76 (10th Cir. 2005) (same, citing K.S.A. 60–404).

To overcome this procedural default, Bowles must show cause for his default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that this court's failure to consider these claims will result in a fundamental miscarriage of justice. *Murray v.*

*Carrier*, 477 U.S.478, 488-89, 496 (1986). "Cause" requires showing that some external factor prevented him from raising the claim. *See Coleman*, 501 U.S. at 753. Bowles contends his counsel's ineffective assistance caused the default.

Ineffective assistance of counsel can serve as cause to overcome procedural default. *Murray*, 477 U.S. at 488. The Supreme Court set forth the standard to review ineffective assistance of counsel claims in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a petitioner to show both that his counsel's performance "fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." *Id*. at 687-88. Failure under either prong is dispositive. *Id.* at 697.

In reviewing counsel's performance, courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011). "To be deficient, the performance must be outside the wide range of professionally competent assistance. In other words, it must have been completely unreasonable, not merely wrong." *Id.* (internal quotations and citations omitted). Petitioner bears a heavy burden of overcoming the presumption that counsel's actions were sound trial strategy. *Id.* This burden increases doubly at the § 2254 proceeding level as federal courts defer not only to the attorney's decision in how to best represent a client, but also to the state court's determination that counsel' s performance was not deficient. *Id.*

In his 1507 motion, Bowles claimed, among other things, that his defense attorney, Kip Elliot, provided ineffective assistance at trial when he failed to object to the children's identification testimony and to preserve this issue for appeal. After conducting an evidentiary hearing, the trial court denied the motion. The KCOA affirmed that decision with the following pertinent analysis:

To demonstrate constitutionally ineffective assistance of counsel, Bowles must show that Elliot's performance fell below an objective standard of reasonableness and that he suffered material legal prejudice as a result, meaning there probably would have been a different outcome. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see Chamberlain v. State*, 236 Kan. 650, Syl. ¶¶ 3, 4, 694 P.2d 468 (1985) (adopting and stating *Strickland* test for ineffective assistance); *see also Haddock v. State*, 282 Kan. 475, 511–12, 146 P.3d 187 (2006) (citing *Chamberlain* ). As both the United States Supreme Court and the Kansas Supreme Court have noted, review of the representation should be deferential and hindsight criticism tempered lest the evaluation of a lawyer's performance be unduly colored by lack of success notwithstanding demonstrable competence. *Strickland*, 466 U.S. at 689–90; *Holmes v. State*, 292 Kan. 271, 275, 252 P.3d 573 (2011). Rarely should counsel's representation be considered substandard when he or she investigates the client's circumstances and then makes a deliberate strategic choice among multiple options. *Strickland*, 466 U.S. at 690–91.

Bowles argues that Elliot was ineffective for failing to file a pretrial motion to suppress B.L.'s identification of him as the man who exposed himself. At the 60–1507 hearing, Elliot testified that he made a deliberate tactical decision not to file such a motion because B.L.'s description of the event and the perpetrator given to law enforcement authorities appeared to be open to challenge for accuracy. And Elliot believed that challenge would also diminish any identification by the sisters in the other incident. In addition, Elliot presented an alibi witness for Bowles for the offense involving B.L., but the State offered evidence calling that defense into question. Elliot testified he discussed the strategy involving B.L. with a more experienced lawyer in his firm who concurred with the approach.

Elliot's decision against making a pretrial challenge to B.L.'s identification reflects precisely the sort of strategic choice that does not amount to ineffective assistance of counsel under Strickland and the Kansas authority adopting it. Elliot made a reasoned election between options, and although the strategy did not yield the ultimate outcome he or Bowles had sought, the decision cannot be characterized as constitutionally ineffective representation.

Bowles next contends Elliot was constitutionally ineffective for failing to object to the identification S.C.M. made of Bowles at trial. The failure to object to the identification effectively precluded any viable challenge on direct appeal. *See* 60–404; *State v. King*, 288 Kan. 333, Syl. ¶ 5, 204 P.3d 585 (2009). Elliot did file a pretrial motion to suppress the identifications made by both S.C.M. and S.M.M. The district court granted the motion as to S.M.M., and she did not testify at trial. But S.C.M., of course, witnessed what happened to S.M.M. and described the entire incident to the jury. Conversely, the district court concluded there was no legal basis to exclude S.C.M's identification of Bowles to law enforcement

> officers or to preclude her from making an in-court identification of Bowles during the trial.
>
> At the 60–1507 motion hearing, Elliot testified that he could not remember why he made no objection at trial to S.C.M's identification of Bowles. In the absence of meaningful testimony from a lawyer about his or her reasoning, if any, with respect to a particular action or failure to act during trial, we cannot really resolve the initial Strickland inquiry. We decline to decide the point against Bowles on that basis.
>
> But Bowles has failed to satisfy the second requirement under *Strickland* by showing Elliot's failure to object somehow prejudiced the case. The district court had already ruled that S.C.M. could make an in-court identification in deciding the pretrial motion. Bowles points to nothing in the trial record—some new or different evidence on the identification issue—that might suggest the district court would have ruled differently had Elliot made an objection, thereby renewing the issue. Similarly, Bowles points to nothing in the pretrial hearing record to indicate the district court erred in ruling on the motion. So even if Elliot had objected at trial, thus preserving the issue for appeal, we have no reason to believe this court would have found some error in the district court's ruling had the issue been asserted on direct appeal. In short, Bowles cannot show any possibility of a different result at trial or on direct appeal had Elliot lodged an objection to S.C.M's identification at trial.

*Bowles*, 2014 WL 1708041 at *1-2.

The court finds the KCOA's analysis of whether trial counsel was constitutionally ineffective for failing to object to the children's identifications at trial not contrary to clearly established Supreme Court law. The KCOA evaluated the evidence of record and applied law consistent with the *Strickland* standard for ineffective counsel. The KCOA's factual findings were objectively reasonable. Thus, Bowles has failed to show cause to overcome the default. In addition, because Bowles has failed to provide a colorable showing of actual innocence, he cannot demonstrate that this court's refusal to review this claim will result in a fundamental miscarriage of justice. Thus, the procedural default doctrine bars this court from reviewing this claim.

## B. Expert Assistance

Ground 2 alleges that Bowles was denied expert assistance at trial. Bowles states that he wanted to present expert testimony to: 1) counter the victim's testimony and testify that "victim[s] are often wrong"; 2) talk about his allergic reactions to his medications; and 3) "talk about therapy and . . . the positive things [he] was doing in [his] life." Dkt. 15 at 9. He also claims that he was denied expert assistance to prove that he was impotent at the time of the alleged incidents, which would negate "motive, mens rea, [and] physical evidence." *Id.* at 4.

Bowles raised the impotence issue in his 1507 motion, but did not raise the other issues in state court. Because it is now too late to do so, Bowles has procedurally defaulted them. Once again, Bowles blames his attorney for the default. He states that "Kip Elliot flat refused [to have his doctor testify about his therapy progress and medication] saying it could open a door." Dkt. 15 at 9. Bowles double-faulted this issue because he failed to raise the claim that his counsel was ineffective for refusing to present this testimony in his 1507 motion. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) ("an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted . . . ."). In any event, Bowles's allegations indicate this was a reasonable, strategic decision. Accordingly, the court finds federal habeas review of these claims barred as Bowles has failed to show cause for the default.

As to the denial of an expert on impotency, Bowles claim that his attorney failed to put forward a defense of impotence. The KCOA rejected this claim with the following analysis:

> [A]t the 60–1507 hearing, Bowles testified that before trial he told Elliot he was taking medication that made him impotent. Bowles contends Elliot should have used that information in fashioning a defense to the charges. At the 60–1507 hearing, Elliot testified that Bowles never said anything about being impotent. Elliot testified that if Bowles had, he would have looked into the issue. But Elliot

9

> testified he wasn't particularly sure the information, even if accurate, would have offered much of a defense or meshed with the trial strategy he had developed.
>
> In ruling on the 60–1507 motion, the district court found Elliot to be more credible than Bowles on this point. The district court concluded Bowles never told Elliot he was impotent. On appeal, that is an unassailable credibility determination precluding any relief for Bowles. Elliot cannot be charged with ineffective assistance for failing to pursue something Bowles never told him and that would not have been apparent from another source. In addition, we fail to see precisely how Bowles' [sic] purported impotence, even if verified, would have led to a different outcome at trial. On appeal, Bowles does not offer an explanation of how evidence of his impotence would have provided a legal defense or otherwise might have caused the jury to render a different verdict. In short, Bowles has not shown prejudice under *Strickland*, furnishing an independent basis to reject the point.

2014 WL 1708041, *3. The court finds that the record supports the KCOA's findings and that the KCOA reasonably applied clearly established federal law. In sum, Ground 2 provides no basis for habeas relief.

### C. Ineffective Assistance of Counsel

Ground 3 focuses on trial counsel's failure to object and to investigate the impotency defense. The court discussed both claims in detail above, making further analysis unnecessary here. Because the KCOA reasonably applied the *Strickland* standard in determining that Bowles was not denied his right to effective assistance of counsel, Ground 3 fails and provides no basis for habeas relief.

### D. Sentencing Errors

Ground 4 asserts three sentencing errors: 1) use of his prior convictions to increase his sentence, without first putting them to a jury, violated *Apprendi v. New Jersey*, 530 U.S. 426 (2000); 2) his sentence violates the double rule; and 3) his sentence violates the multiplicity rule.[2] Dkt. 1 at 10. Bowles did not raise the latter two issues in the state courts, and it is now too

---

[2] The double rule provides that a defendant sentenced for multiple convictions can generally only be required to serve a maximum sentence double the length of the sentence for the primary crime, which is the grid crime with the

10

late. Thus, Bowles has procedurally defaulted on them. The court finds federal habeas review of these claims barred as Bowles has failed to show cause for the default or manifest injustice.

Bowles, however, raised the *Apprendi* issue on direct appeal. The KCOA rejected Bowles' *Apprendi* argument with one sentence: "Our Supreme Court resolved this issue in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002)." Because *Ivory* is consistent with *Apprendi*, the court finds the KCOA's adjudication of this issue did not result in a decision that was contrary to clearly established federal law as determined by the Supreme Court. *See Pruitt v. Shelton*, No. 11-3116-SAC, 2012 WL 5949210, at *7 (D. Kan. Nov. 28, 2012) (*Ivory* holding consistent with *Apprendi*); *Fletcher v. Kansas*, No. 10-3253-SAC, 2013 WL 537717, at *8 (D. Kan. Feb. 12, 2013) (same). *Apprendi* holds, "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (*Emphasis* added). Bowles's reading of *Apprendi* ignores the italicized conditional phrase. If the sentence enhancement is based on prior convictions, then it does not have to be submitted to a jury. Thus, the sentencing court did not err in its use of Bowles's prior convictions. In sum, Ground 4 provides no basis for habeas relief.

### E.  Sufficiency of the Evidence and Actual Innocence

Bowles also claims there was insufficient evidence to sustain the jury's verdict as there was no DNA, fingerprints, matching clothes, or matching vehicle evidence to prove that he was at the scene of the crimes or committed the crimes. Dkt. 15 at 5. He maintains that inconsistencies in the children's testimony and his alibi provide a basis for habeas relief.

---

highest severity ranking. *State v. Grotton*, 50 Kan. App. 2d 1028, 1031 (2014), *review denied,* 302 Kan. ___ (July 24, 2015). The multiplicity rule, as used by Bowles, provides that multiple sentences cannot arise from "one day, one action." Dkt. 1 at 10.

The applicable constitutional standard for a sufficiency of evidence claim is whether considering the evidence produced at trial, any rational trier of fact could have found petitioner guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Matthews v. Workman*, 577 F.3d 1175, 1183 (10th Cir. 2009). The Supreme Court in *Jackson* "makes clear that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos v. Smith*, 132 S.Ct. 2, 3-4 (2011). To obtain federal habeas relief, it must be shown that a state court decision rejecting a sufficiency of the evidence claim was objectively unreasonable. *Id.* at 4.

The KCOA rejected Bowles's insufficiency claim with the following analysis:

> The defendant next contends there was insufficient evidence with which to convict him. He alleges inconsistencies in the children's testimony and his alibi provide a basis for reversing his conviction.
>
> " 'When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational fact finder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Kesselring*, 279 Kan. 671, 679, 112 P.3d 175 (2005).
>
> For this court to reverse the defendant's convictions we would have to reweigh conflicting evidence and witness credibility, two things this court is not permitted to do. *See State ex. rel Morrison v. Oshman Sporting Goods Co. Kansas*, 275 Kan. 763, 775, 69 P.3d 1087 (2003) (Appellate courts do not weigh conflicting evidence or pass on credibility of witnesses.).
>
> In the light most favorable to the prosecution, there was sufficient evidence with which to convict the defendant.

*Bowles*, 2007 WL 2239255 at *2. The court finds the KCOA applied a legal standard consistent with *Jackson*, and applied it in an objectively reasonable manner. Thus, no habeas relief is warranted on this claim.

Finally, Bowles contends he is actually innocent. " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998);

12

*Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (*citing Herrera v. Collins*, 506 U.S. 390, 403–404 (1993) (The petitioner must make a colorable showing of factual, not just legal, innocence.). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Bowles has made no such showing.

## IV.     Evidentiary Hearing

The court finds no need for an evidentiary hearing. *Anderson v. Attorney Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record."); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

## V.      Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n. 3 (10th Cir. 2004) (*quoting Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). While a movant is not required to demonstrate that his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotation omitted). "This threshold inquiry does not require full

13

consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* at 336. The rulings made above are not the type that reasonable jurists could debate or would conclude were wrong. Therefore, the court declines to issue a certificate of appealabilty for this Order.

**IT IS THEREFORE ORDERED** that the petition for habeas corpus relief (Dkt. 1) is **DENIED**.

**IT IS SO ORDERED** this 14th day of July 2016.

s/ J. Thomas Marten
J. THOMAS MARTEN, Judge

14